IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


RAHEEM JONES,                    :
        Plaintiff                :
                                 :
    v.                           :      CIVIL NO. 3:CV-14-1885
                                 :
                                 :      (Judge Conaboy)      FILED
SHANE M. SCANLON, ET AL.,        :                          SCRANTON
        Defendants               :
_____      OCT 2 1 2014

                     **MEMORANDUM**                    PER_____ CR
                     **Background**                       DEPUTY CLERK

    Raheem Jones, an inmate presently confined at the Lackawanna

County Prison, Scranton, Pennsylvania, filed this pro se civil

rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has also

submitted an in forma pauperis application.  See Doc. 5.  For the

reasons set forth below, Jones' action will be dismissed, without

prejudice, as legally frivolous pursuant to the screening

provisions of 28 U.S.C. § 1915.

    Named as Defendants are Lackawanna County Assistant District

Attorney (ADA) Shane M. Scanlon; Lackawanna County Detective Thomas

Davis; and John Doe who is described as being a confidential

informant (CI).  See Doc. 1, ¶ III.  According to the Complaint, on

May 2, 2013, Detective Davis received authorization from ADA

Scanlon to conduct electronic surveillance on CI Doe's

_____

    [1]  It appears that Plaintiff is a pre-trial detainee.

                              1

communications.   The CI allegedly consented to the use of electronic monitoring.   As a result of the subsequent interception of a telephone conversation between Plaintiff and the CI regarding a controlled purchase of crack cocaine, Davis obtained an arrest warrant which led to the arrest of Plaintiff on August 20, 2013.

Jones contends that there were no reasonable grounds to conduct said surveillance as required under Pennsylvania state law. It is also alleged that proper procedures were not carried out with respect to the authorization and the conducting of the electronic surveillance.   Jones further contends that the illegal interception of his communication constituted an unreasonable search and seizure under the Fourth Amendment.   The Complaint also raises a pendent state law tort claim.   As relief, Plaintiff seeks injunctive and declaratory relief as well as an award of punitive and compensatory damages.   It is noted that Plaintiff specifically seeks an injunction barring the use of the intercepted communication as evidence in his criminal prosecution.   See Doc. 1, ¶ 40.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)   § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

2

the case at any time if the court determines that (A) the
allegation of poverty is untrue; or (B) the action or
appeal (i) is frivolous or malicious; (ii) fails to state
a claim on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune from
such relief.

When considering a complaint accompanied by a motion to
proceed in forma pauperis, a district court may rule that process
should not be issued if the complaint is malicious, presents an
indisputably meritless legal theory, or is predicated on clearly
baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319,
327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.
1989).  Indisputably meritless legal theories are those "in which
either it is readily apparent that the plaintiff's complaint lacks
an arguable basis in law or that the defendants are clearly
entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d
192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277,
1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has
added that "the plain meaning of 'frivolous' authorizes the
dismissal of in forma pauperis claims that . . . are of little or
no weight, value, or importance, not worthy of serious
consideration, or trivial."  Deutsch v. United States, 67 F.3d
1080, 1083 (3d Cir. 1995).  It also has been determined that "the
frivolousness determination is a discretionary one," and trial
courts "are in the best position" to determine when an indigent
litigant's complaint is appropriate for summary dismissal.  Denton,

3

504 U.S. at 33.

**State Actor**

The Complaint in part seeks to purse a claim against a private unidentified individual, Defendant John Doe, who is described as being a confidential informant. A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Plaintiff raises no allegations that the CI was acting under color of state law. Furthermore, there is no clear allegation that the CI was a non-state actor who conspired with state officials to deprive Plaintiff of his constitutional rights. See Dennis v. Sparks, 449 U.S. 24, 27-8. Since CI John Doe was not acting under color of law he is not a properly named defendant in a Section 1983 civil rights action. In addition, the claim that the CI somehow violated Jones' constitutional rights by consenting to electronic surveillance is insufficient.

**Heck**

Based upon a review of the Complaint, there is no indication that Plaintiff was convicted of the criminal charges which are the

4

basis for his pending claims.  To the extent that Plaintiff is

seeking an award of monetary damages against any law enforcement

official, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme

Court ruled that a constitutional cause of action for damages does

not accrue "for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whole

unlawfulness would render a conviction or sentence invalid," until

the plaintiff proves that the "conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of

habeas corpus."  <u>Id</u>. at 486-87.

As previously noted, Jones seeks an award of compensatory and

punitive damages based on his contention that the actions of the

Defendants have subjected him to an unlawful incarceration.  Based

on the nature of Plaintiff's allegations, a finding in his favor

would imply the invalidity of his ongoing state criminal

prosecution and pre-trial confinement.  There is no indication that

Jones has successfully challenged either the use of electronic

surveillance or his state criminal charges.

Pursuant to <u>Heck</u>, Jones action to the extent that it seeks an

award of monetary damages on the basis of illegal conduct by law

enforcement officials is premature because he cannot maintain a

cause of action for an unlawful arrest/criminal prosecution until

the basis for the arrest/prosecution and resulting imprisonment is overturned.

## Injunctive/Declaratory Relief

As partial relief, Plaintiff seeks an injunction barring the use of the intercepted communication as evidence in his state criminal prosecution. See Doc. 1, ¶ 40.

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[2]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It

---

2. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

has also been noted that the habeas corpus remedy afforded to state inmates under 28 U.S.C. § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There are no assertions by Plaintiff which suggests that he cannot litigate the merits of his present claims of misconduct in his ongoing state criminal proceedings. This pre-trial civil rights action does not raise the type of extraordinary circumstances contemplated under Younger, thus, intervention by this Court is not warranted at this juncture. This conclusion is bolstered by Plaintiff's apparent failure to proceed before the state appellate courts prior to seeking federal court relief. Abstention is required in this case out of deference to the integrity of the state judicial process.[3]

**Pendent Jurisdiction**

Plaintiff also indicates that he wishes to pursue a state law tort claim against the Defendants. It is well settled that

---

[3]  A state prosecuting attorney is absolutely immune from liability for damage under Section 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). Qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).
Any allegation that Defendant Scanlon unlawfully approved the use of electronic surveillance arguably falls within the ADA's investigative duties, as such a finding of qualified immunity could be appropriate.

federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim.  Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).  However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claim that Plaintiff wishes to pursue.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably

meritless legal theory" it will be dismissed, without prejudice,
as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate
Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 21st, 2014